## Spaulding, &c. vs Scanland, &c.

### Error to the Marion Circuit.

### *Mortgages. Lien.*

Judge Breck delivered the opinion of the Court.

Scanland executed two mortgages on the same day, one to Spaulding, &c. upon a tract of land, the other to Lanham, &c., embracing the same land and other property. Spaulding, &c. exhibited their bill for a foreclosure, making all the other mortgagees and Scanland defendants.

The Court decreed a sale of all the property covered by both mortgages, and, the proceeds not being sufficient for the payment of all the mortgaged debts, a *pro rata* distribution thereof among all the mortgagees. To reverse that decree, Spaulding, &c. prosecute this writ of error, and the defendants have assigned cross errors.

It is insisted, on the part of the complainants, that their mortgage was first executed, first proved and lodged to be recorded, and they have, therefore, a prior and exclusive lien upon the land for the payment of their debts.

On the part of the defendants, it is relied, that the mortgages were executed at the same time, and with a view to give no preference to one set of mortgagees over the other; that both mortgages were proved and lodged for record at the same time, or within a few minutes of each other; and that the decree is erroneous in giving the complainants any portion of the proceeds of the slaves and other property, other than the land.

Both mortgages are dated on the 9th April, 1840, both have the same subscribing witnesses, and are certified by the Clerk to have been produced and ordered to be recorded on the same day. One of the subscribing witnesses proves that the mortgage to the complainants was first signed and first proved and lodged with the Clerk; that the other mortgage was not signed nor proved till some half an hour or more afterwards. The testimony

Marginal notes:

Chancery.

Case 71.

April 13.

The case stated.

Decree of the Circuit Court.

When two mortgages are signed and acknowledged or proved and deposited for record on the same day, the mortgage which was prior in time, is entitled to precedence, and parol proof is competent to

SPAULDING, &c.
*vs*
SCANLAND, &c.

prove which was in fact first deposited for record. It is the proving or acknowledging and depositing for record, that gives precedence to mortgages.

of the other subscribing witness is not in the record. The Clerk, who received the proof, also testifies that the mortgage to the complainants was first proved and lodged in the office for record and was first recorded ; that the two mortgages were proved at different times, something like an hour or more intervening. The mortgagor proves that they were both signed at the same time, and taken by the subscribing witnesses to the Clerk's office at the same time. But in view of all the testimony, we are entirely satisfied that the mortgage to the complainants was first proved and lodged with the Clerk, and that the mortgage to the defendants was not proved till some time afterwards ; that the witnesses attended on separate occasions for the proof of each.

The question arises, was it competent thus to prove, by parol, that the complainants' mortgage was first proved and lodged for record with the Clerk. We think it was. That fact is not inconsistent with or repugnant to any thing in the deed, or in the certificate or record of the Clerk ; and when thus established, we are of opinion, in view of the statute, it gives the mortgage of the complainants precedence. The act of 1839, (3 *Stat. Law*, 144,) is in the following language : "That from and after the passage of this act, no mortgage or deed of trust shall take effect, (except between the parties to such mortgages or deeds of trust,) until the same shall have been duly acknowledged or proven, and actually lodged with the Clerk to be recorded."

It may be true, as contended, that as a general rule the law will not split a day, but it is equally true in regard to many matters, that the law renders not only the hour of the day, but even the minute of the hour, material and important in deciding upon the rights of individuals. It is so in regard to liens acquired by execution and attachment. The lien under the act referred to, attaches and becomes effectual as soon as the mortgage is proven and lodged with the Clerk to be recorded. The mortgage of the complainants was first proved and lodged with the Clerk, and of course they acquired a prior lien.

Whether the two mortgages were *signed* at different times or at the same time, is unimportant, and we need

not decide. It was the proving and lodging them for record in the office, irrespective of which was first signed, which rendered them valid and effectual. Nor need we decide whether it was or not the intention of the mortgagor to provide equally for all his creditors, and that both should, in effect, constitute but one mortgage. We will, however, remark that from the fact that the complainants' mortgage embraced the land only, and the other the land and other property, and in view of all the testimony in the case, we are not satisfied that there was any agreement or understanding to that effect. But even if such were the fact, the question has not been so raised by the pleadings as to render it available. There is no allegation of fraud or mistake in the drawing, proving, recording, or lodging for record, the mortgages or either of them. We come, therefore, to the conclusion that the Court erred in not appropriating the proceeds of the land to the payment of the debts provided for in the mortgage to Spaulding and others. After the payment of those claims, the residue of the proceeds, if any, together with the proceeds of the other property embraced in the other mortgage, should have been distributed *pro rata* amongst those therein provided for.

As the defendant, McNaty, will not be entitled, according to the principles of this opinion, to any portion of the proceeds of the land till the first set of mortgagees are paid, the the objection by the complainants to the decree, because a sum is retained under the power of the Court, contingently for his benefit hereafter, is already disposed of by giving the complainants a prior lien. No objection is made by the defendants to that portion of the decree, and we perceive no error in the record to their prejudice.

Wherefore, upon the errors assigned by the complainants, the decree is reversed, and the cause remanded for further decree, not inconsistent with the principles of this opinion.

*Morehead & Reed* for plaintiffs: *Shuck* for defendants.